**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **MARIA LONGORIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TA OPERATING, LLC d/b/a TA** | § | |
| **EXPRESS,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT TA OPERATING LLC'S**
**<u>NOTICE OF REMOVAL TO FEDERAL COURT</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant TA Operating LLC, incorrectly sued as TA Operating, LLC d/b/a TA Express ("Defendant" or "TA"), Defendant in the above-styled cause, and hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Notice of Removal is filed to remove the civil action originally filed in Texas state court: Cause No. 2307-16980 pending in the 24th Judicial District Court, Jackson County, Texas. In support thereof, Defendant would respectfully show the Court as follows:

**I.    <u>INTRODUCTION</u>**

1.    On July 18, 2023, Plaintiff Maria Longoria ("Plaintiff") filed her Original Petition in Cause No. 2307-16980, pending in the 24th District Court, Jackson County, Texas, initiating a civil cause of action against Defendant.

2.    Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3.     Plaintiff alleges multiple causes of action against Defendant related to personal injuries allegedly caused by a fall on Defendant's premises. Specifically, Plaintiff alleges premises liability, negligence, and gross negligence against Defendant. Plaintiff pleads that she seeks damages in excess of $250,000.

4.     Defendant was served with Citation and Plaintiff's Original Petition on July 26, 2023.

5.     Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Jackson County state court in which this case was previously pending.

## II.    GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Parties.**

7.     According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was an individual residing in Calhoun County, Texas. Thus, for purposes of diversity citizenship, Plaintiff is a citizen of Texas.

8.     Defendant TA Operating LLC is, and was at the time this action was commenced, a limited liability company formed under the law of the State of Delaware. The sole member of TA is TravelCenters of America Inc., a Maryland corporation with its principal place of business located in Ohio. Thus, for purposes of diversity citizenship, Defendant is a citizen of both Ohio and Maryland.

9.      Therefore, this lawsuit properly comprises of a civil dispute between citizens of different states as there is complete diversity between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a).

**B.      The Amount in Controversy Exceeds $75,000.**

10.      Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff pled that she seeks damages in excess of $250,000. Thus, should Plaintiff prevail on her claims herein, the damages potentially to be awarded exceed $75,000 on their face.

11.      Thus, this action is removable under 28 U.S.C. § 1441(a) based on the original jurisdiction conferred upon this Court by 28 U.S.C. § 1332(a)(1).

### III.    VENUE

12.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division encompass the place in which the removed action was pending, the 24th Judicial District Court of Jackson County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV.    PROCEDURAL REQUIREMENTS

13.      This Notice of Removal is being filed within 30 days of service of the Citation and Plaintiff's Original Petition, and is thus timely filed pursuant to 28 U.S.C. § 1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14.      Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal

will be filed with the District Clerk for the 24th Judicial District Court of Jackson County, Texas

promptly after filing of same.

## V.     CONCLUSION

17.     Defendant respectfully requests that the above-captioned action now pending in the

24th Judicial District Court of Jackson County, Texas be removed to the United States District

Court for the Southern District of Texas, Victoria Division.


Respectfully submitted,


/s/ Annie J. Jacobs
**ANNIE J. JACOBS**
State Bar No. 24050812
**ERIK F. GIERCZYK**
State Bar No. 24082333

**CLARK HILL PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 FAX
ajacobs@clarkhill.com
egierczyk@clarkhill.com

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of
record this 25th day of August, 2023, via the Court's CM/ECF System.

/s/ Annie J. Jacobs
**ANNIE J. JACOBS**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **MARIA LONGORIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TA OPERATING, LLC d/b/a TA** | § | |
| **EXPRESS,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>STATE COURT LAWSUIT</u>

Cause No. 2307-16980; *Maria Longoria  v. TA Operating, LLC d/b/a TA Express;* In the 24th Judicial District Court of Jackson County, Texas

Status of lawsuit: Pending

## <u>LIST OF ALL PARTIES AND COUNSEL</u>

### PLAINTIFF

Esteban Contreras
Texas State Bar No. 24105619
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
Telephone: (512) 387-5436
*Counsel for Plaintiff, Maria Longoria*

### DEFENDANT

Annie J. Jacobs
State Bar No. 24050812
Erik F. Gierczyk
State Bar No. 24082333
901 Main Street, Suite 6000
Dallas, TX 75202-3794
Telephone: (214) 651-4300
*Attorneys for Defendant TA Operating, LLC*
*d/b/a TA Express*

**EXHIBIT**

**A**

## <u>NAME AND ADDRESS OF COURT</u>

24th Civil District Court of Texas
Hon. Judge Jack Marr, presiding
115 N. Bridge, 3rd Floor
Victoria, Texas 77901
Telephone: (361) 575-3172

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **MARIA LONGORIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TA OPERATING, LLC d/b/a TA** | § | |
| **EXPRESS,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>INDEX OF MATTERS BEING FILED</u>

     In accordance with LR 81.5 of the Local Rules of the United States District Court for the Southern District of Texas, following is an index of all documents being filed:

| | |
|---|---|
| **Main Document:** | Notice of Removal |
| **Exhibits:** | Exhibit A – List of All Counsel of Record |
| | Exhibit B – Index of Matters Being Filed; |
| | Exhibit C – Plaintiff's Original Petition; |
| | Exhibit D – Defendant TA Operating, LLC's Answer to Plaintiff's Original Petition |
| | Exhibit E – Executed Return of Service |
| | Exhibit F – The Docket Sheet |
| | Civil Cover Sheet |

**EXHIBIT**

**B**

The attachment intended by the District Clerk is the *Plaintiff Maria Longoria's Original Petition* consisting of 8 pages, filed on July 18, 2023, by Esteban Contreras, which is being attached to this citation by said attorney.

CLERK OF THE COURT
Sharon Mathis
115 West Main, Room 203
Edna, Texas 77957

PLAINTIFF'S ATTORNEY
Esteban Contreras
5113 Southwest Pkwy, Suite 190
Austin, TX. 78735

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgement may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

To: **TA OPERATING, LLC D/B/A TRAVELCENTERS OF AMERICA REGISTERED AGENT d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX. 78701-3218, or wherever he may be found.**

You are hereby commanded to appear by filing a written answer to the **Plaintiff Maria Longoria's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **24th** Judicial District of **Jackson** County, Texas at the Court House of said County in **Edna**, Texas.

Said Petition was filed in said court on the **18th** day of **July**, A.D. **2023**, in this case numbered **2307-16980** on the docket of said court, and styled,

**MARIA LONGORIA**
**VS.**
**TA OPERATING, LLC D/B/A**
**TRAVELCENTERS OF AMERICA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff Maria Longoria's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand seal of said Court at **Edna**, Texas this the **20th** day of **July** A.D. **2023**.

**SHARON MATHIS - DISTRICT CLERK**
**JACKSON COUNTY, TEXAS**

By: *Kelley Drastata*
Kelley Drastata, Deputy

Rule 106: A-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto.@

**EXHIBIT**

**C**

**RETURN OF SERVICE**
**CAUSE NUMBER 2307-16980**
**MARIA LONGORIA**
**VS**
**TA OPERATING, LLC D/B/A**
**TRAVELCENTERS OF AMERICA**
**24TH JUDICIAL DISTRICT**

Executed when copy is delivered:
This is a true copy of the original citation, delivered to defendant _____, on the ____ day of
_____, 202___.

_____, Officer
_____, County, Texas
By:_____, Deputy

**ADDRESS FOR SERVICE: 211 E. 7th Street, Suite 620, Austin, TX. 78701-3218, or wherever he may be found.**

OFFICER'S RETURN
Came to hand on the _____ day of _____, 202___, at _____, o'clock ____.m., and executed in
_____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the **Plaintiff Maria Longoria's Original Petition,**
at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| | | |
| | | |

**And not executed as to the defendant(s),** _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy $_____
Total                $_____

_____, Officer
_____, County, Texas

By:_____, Deputy
_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or
the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server
_____
(Id # & expiration of certification)

CAUSE NO. 2307-16980 _____

| | | |
|---|---|---|
| MARIA LONGORIA | § | IN THE DISTRICT COURT |
| *PLAINTIFF,* | § | |
| | § | |
| VS. | § | |
| | § | OF |
| | § | |
| | § | |
| TA OPERATING, LLC D/B/A | § | |
| TRAVELCENTERS OF AMERICA | § | |
| *DEFENDANT.* | § | JACKSON COUNTY, TEXAS |

## PLAINTIFF MARIA LONGORIA'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Maria Longoria ("Plaintiff") complaining of TA Operating, LLC D/B/A Travelcenters of America ("Defendant") for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

1.   The Plaintiff, Maria Longoria, is an individual residing in Calhoun County, Texas.

2.   The Defendant, TA Operating, LLC d/b/a TravelCenters of America (hereinafter referred to as "TravelCenters of America") is a foreign limited liability company doing business in Texas and may be served with process herein by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, or wherever they may be found.

### DISCOVERY CONTROL PLAN

3.   The Plaintiff, Maria Longoria, intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

Filed 7/18/2023 4:39 PM
Sharon Mathis, District Clerk
Jackson County, TX

## III.
## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because the amount in controversy is within the Court's jurisdictional limits.  Additionally, the Court has jurisdiction over the parties because Defendant, TA Operating, LLC D/B/A Travelcenters of America, in this matter because it conducts business in Texas.

5.      Venue is proper in Jackson County, Texas under § 15.002(a)(1) of the Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Jackson County, Texas.

## IV.
## FACTS

6.      This cause of action arises out of an incident occurring in Ganado, Jackson County, Texas, on or about November 7, 2021. On or about the date in question, Plaintiff Maria Longoria was entering the TA Travel Center located at 802 E. York, Hwy, US-59, Ganado, TX 77962. Plaintiff was injured as a result of a fall due to uneven and unkempt tile that dipped down near the entrance of the convenience store. When Plaintiff unexpectedly and suddenly fell, she hit the ground with such force that she suffered injuries including, but not limited to her rotator cuff in her left arm, head, eyes, neck, shoulders, back, legs, and body generally. Defendant TA Operating, LLC D/B/A Travelcenters of America failed to remedy or otherwise warn Plaintiff as to this dangerous condition which in turn caused damages to Plaintiff. This resulted in the Plaintiff, Maria Longoria, sustaining injuries to her arm, head, eyes, neck, shoulders, back, legs, and body generally.

        At all times material herein, Defendant occupied, controlled and/or managed the premises or the area in question.  Defendant also owed a duty to the Plaintiff, Maria Longoria, who was an invitee of Defendant, to use ordinary care in inspecting the premises and making the area safe in

such a manner that the risk of harm posed on the premises would be reduced or eliminated. Defendant is liable for (1) its failure to use ordinary care in keeping the premises in a reasonably safe condition; and (2) the significant physical harm caused by Defendant TA Operating, LLC D/B/A Travelcenters of America's negligent maintenance of the property.

The tragic fall and ensuing injuries suffered by Plaintiff Maria Longoria were proximately caused by the negligence and gross negligence of Defendant, and by and through its officers, employees, representatives, and agents, for creating a condition, wherein the uneven and unkempt floor near the entrance posed an unreasonable risk of harm, which Defendant knew or should have known would create a dangerous condition. Defendant breached its duty of ordinary care by both failing to adequately warn the Plaintiff, Maria Longoria, of the condition and failing to make the condition reasonably safe. Due to this dangerous condition, Ms. Longoria went to the hospital the same day and sustained acute injuries to her arm, head, eyes, neck, shoulders, back, legs, and body generally.

**V.**
**CONDITIONS OF PRECEDENT**

9.     All conditions precedent to recovery have been performed or have occurred.

**VI.**
**PLAINTIFF MARIA LONGORIA'S CAUSES OF ACTION AGAINST TA OPERATING, LLC D/B/A TRAVELCENTERS OF AMERICA**

10.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff, Maria Longoria, suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

11.    The uneven and unkempt floor inside of TA Travel Center, located at 802 E. York, Hwy, US-59, Ganado, TX 77962, posed a dangerous condition to its invitees like Plaintiff Maria Longoria, which Defendant, knew or should have reasonably known.  Defendant TA Operating, LLC D/B/A Travelcenters of America is jointly and severally responsible for each and every of the following acts of negligence:

      (a) failing to warn invitees of the dangerous condition the uneven and unkempt floor posed;

      (b) failing to maintain its entrance and exit area in a non-dangerous condition;

      (c) failing to properly and routinely inspect the entrance and exit area;

      (d) failing to properly train its employees and/or agents;

      (e) failing to properly warn the Plaintiff of the unreasonably dangerous condition;

      (f) in failing to remove or otherwise eliminate a known dangerous condition;

      (g) in failing to remove or eliminate a dangerous condition that Defendant should have known of through reasonable inspection;

      (h) in failing to make the area safe for customers; and

      (i) in failing to eliminate the unreasonably dangerous condition.

12.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which Defendant in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her life.

## VII.
## RESPONDEAT SUPERIOR

13.    At all times material hereto, all of the agents, servants, and/or employees for Defendant TA Operating, LLC D/B/A Travelcenters of America, who were connected with the occurrence

made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

## VIII.
## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

14.    The conduct of Defendant, TA Operating, LLC D/B/A Travelcenters of America, individually and by and through its officers, employees, representatives, and agents, constituted gross negligence; meaning that which when viewed objectively from the standpoint of Defendant at the time of the alleged acts and/or omissions herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others like the Plaintiff, Maria Longoria; and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff, Maria Longoria, and that the acts or omissions would, in all reasonably probability result in great bodily harm to invitees and customers such as the Plaintiff, Maria Longoria.

15.    Plaintiff, Maria Longoria, brings suit pursuant to Section 41.003(a)(3), Texas Civil Practice and Remedies Code, to recover punitive and exemplary damages against Defendant based on gross negligence as described herein and above and/or as defined by Texas law.

## IX.
## DAMAGES FOR PLAINTIFF MARIA LONGORIA

16.    The occurrence made the basis of this suit, referred to in this petition, and the Plaintiff's resulting injuries and/or damages were proximately caused, aggravated or accelerated by the negligent and/or grossly negligent conduct of the Defendant, TA Operating, LLC D/B/A

Travelcenters of America. As a direct result of the occurrence made the basis of this lawsuit Plaintiff, Maria Longoria suffered injuries to her arm, head, eyes, neck, shoulders, back, legs, upper extremities, lower extremities and other parts of her body generally.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Past medical expenses;
4.  Future medical expenses;
5.  Physical impairment in the past;
6.  Physical impairment in the future;
7.  Physical disfigurement in the past;
8.  Physical disfigurement in the future;
9.  Pre-judgment interest;
10.  Post-judgment interest;
11.  Loss of past wages;
12.  Loss of future wages;
13.  Loss of wage earning capacity;
14.  Reduced future earning capacity;
15.  Loss of household services in the past;
16.  Loss of household services in the future;
17.  Medical monitoring in the past;
18.  Medical monitoring in the future; and
19.  Loss of the enjoyment of life.

## X.
## PLAINTIFF MARIA LONGORIA'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

23.    The Plaintiff, Maria Longoria, further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the TA Operating, LLC D/B/A Travelcenters of America, in response to written discovery or any other form of production and that such production authenticates the documents for their use in trial or any pre-trial proceeding in this matter.  The Plaintiff, Maria Longoria, fully intends to use any and all documents produced by the Defendant as evidence at the time of trial, or in any pre-trial proceeding, and gives the Defendant

notice of her intent.

## XI.
## RULE 47 DAMAGES NOTICE FOR DEFENDANT TA OPERATING, LLC D/B/A TRAVELCENTERS OF AMERICA

24.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, the Plaintiff, Maria Longoria, seeks monetary relief within the jurisdictional limits of the Court.  The Plaintiff seeks monetary relief in the amount of at least Two Hundred and Fifty Thousand dollars ($250,000) and not more than One Million dollars ($1,000,000) and a demand for judgment for all the other relief to which she deems herself justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## XII.
## INTEREST

25.     The Plaintiff, Maria Longoria, further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## XIII.
## JURY DEMAND

26.     The Plaintiff, Maria Longoria, demands a trial by jury.  The Plaintiff, Maria Longoria, acknowledges payment this date of the required jury fee.

## XIV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Maria Longoria, requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff, Maria Longoria,  has judgment against Defendant in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which  the Plaintiff, Maria Longoria, may be justly entitled by law and equity.

Respectfully submitted,

/s/ ESTEBAN CONTRERAS
Esteban Contreras
Texas State Bar No. 24105619
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
512-387-5436 (Office)
512-727-0999 (Fax)
service@glenlarsonlaw.com (Service email)

CAUSE NO. 2307-16980

| | | |
|---|---|---|
| MARIA LONGORIA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | JACKSON COUNTY, TEXAS |
| | § | |
| TA OPERATING, LLC d/b/a TA EXPRESS, | § | |
| | § | |
| Defendant. | § | 24TH JUDICIAL DISTRICT |

### DEFENDANT TA OPERATING LLC'S
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant TA Operating LLC, incorrectly sued as TA Operating, LLC d/b/a TA Express ("Defendant") files this Answer in response to Plaintiff Maria Longoria's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

1.      Subject to such stipulations and admissions as may be made hereafter, Defendant hereby enters a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she has made against Defendant.

### II.

### AFFIRMATIVE DEFENSES

2.      Pleading further, alternatively, and by way of affirmative defense, the incident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent and

**DEFENDANT TA OPERATING LLC'S**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**
ClarkHill\B6804\471005\272903446.v1-8/17/23

**Page 1**


EXHIBIT D

negligent per se, acts and/or omissions of Plaintiff, whose acts or omissions were, alternatively, a proximate cause, or a contributing proximate cause, or the sole proximate cause of the incident in question and any alleged damages resulting therefrom. Defendant, therefore, invokes the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice and Remedies Code.

3.    Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses should be limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

4.    Further answering, alternatively, and by way of affirmative defense, Defendant would show that pursuant to Texas Civil Practice and Remedies Code § 18.091, Plaintiff's alleged earnings, loss of earning capacity, and/or loss of contributions of a pecuniary value must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

5.    Further answer, alternatively, and by way of affirmative defense, Defendant would show that Plaintiff's recovery of exemplary damages, if any, is limited by Chapter 41 of the Texas Civil Practice and Remedies Code. To the extent the Court deems it appropriate to submit an exemplary damages question to the jury in this matter, the jury should be instructed as required by Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants hereby plead all of the limitations on and defenses to exemplary damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

6.    Defendant further pleads failure to mitigate damages by Plaintiff as to the damages she claims in this suit.

7.     Defendant further pleads in the alternative that the any condition was open and obvious.

## III.

## OBJECTION TO RULE 193.7 NOTICE

Defendant objects to Plaintiff's 193.7 Notice contained in the petition because it attempts to circumvent the purpose of Rule 193.7, which is to give opposing parties fair notice that a particular document or documents will be used at trial, and to afford those parties a fair opportunity to object to the authenticity of the documents.[1] Plaintiff attempts to give blanket notice that "any and all documents produced may be used against Defendant" however, this does not provide fair notice of the specific documents which Plaintiff intends to use, or a meaningful opportunity for any party to object. Plaintiff's 193.7 Notice is vague and lacks sufficient specificity for Defendant to respond. Further, Plaintiff's notice, if enforced, would negate the authentication requirement of the Rules of Evidence, making any document self-authenticating.

Defendant reserves its right to make objections at the time it becomes aware of the specific identity of any particular document or item Plaintiff intends to use in any proceeding. Defendant also reserves the right to object to all documents on grounds other than authenticity.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant TA Operating LLC, requests that Plaintiff take nothing by her suit, that Defendant recover its costs on its behalf expended, and for such other and further relief to which Defendant may be justly entitled.

---

[1] TEX. R. CIV. P. 193.7; *see also* Comment 7 (objection period runs from actual awareness that the document will be used).

Respectfully submitted:

**CLARK HILL PLC**

*/s/ Annie J. Jacobs*

**ANNIE J. JACOBS**
State Bar No. 24050812
**ERIK F. GIERCZYK**
State Bar No. 24082333
901 Main Street, Suite 6000
Dallas, TX 75202-3794
(214) 651-4300
(214) 651-4330 (Fax)
ajacobs@clarkhill.com
egiercyzk@clarkhill.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 18th day of August, 2023 the foregoing was electronically filed in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

*/s/ Annie J. Jacobs*

**ANNIE J. JACOBS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lilibeth Jaramillo on behalf of Annie Jacobs
Bar No. 24050812
ljaramillo@clarkhill.com
Envelope ID: 78690557
Filing Code Description: Answer/Response
Filing Description: Defendant TA Operating LLC's Answer to Plaintiff's Original Petition
Status as of 8/18/2023 2:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Glen Larson Law | | service@glenlarsonlaw.com | 8/18/2023 2:23:13 PM | SENT |
| Rahim Pirani | | rpirani@clarkhill.com | 8/18/2023 2:23:13 PM | SENT |
| Lilibeth Jaramillo | | ljaramillo@clarkhill.com | 8/18/2023 2:23:13 PM | SENT |

Associated Case Party:  LLC D/B/A TRAVELTA OPERATING

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Annie J.Jacobs | | ajacobs@clarkhill.com | 8/18/2023 2:23:13 PM | SENT |
| Erik F.Gierczyk | | egierczyk@clarkhill.com | 8/18/2023 2:23:13 PM | SENT |

23-07-16980

# <u>RETURN OF SERVICE</u>

| **State of Texas** | **County of Jackson** | **24th Judicial District Court** |
|---|---|---|

Case Number: 2307-16980

Plaintiff:
**MARIA LONGORIA**

vs.

Defendant:
**TA OPERATING, LLC D/B/A**
**TRAVELCENTERS OF AMERICA**

BBW2023008652-2

Received by Andrew Swatzell on the 24th day of July, 2023 at 4:20 pm to be served on **TA OPERATING, LLC D/B/A TRAVELCENTERS OF AMERICA BY SERVING ITS REGISTERED AGENT D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701**.

I, Andrew Swatzell, do hereby affirm that on the **26th day of July, 2023** at **1:34 pm, I:**

Served an authorized agent by delivering a true copy of the **CITATION / PLAINTIFF MARIA LONGORIA'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **Neisha Gross** as **Intake Agent** at the address of: **211 E. 7TH STREET, SUITE 620, AUSTIN, Travis County, TX 78701** on behalf of **TA OPERATING, LLC D/B/A TRAVELCENTERS OF AMERICA**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"My name is  Andrew Swatzell  my date of birth is 11/24/1983  and my address is 1108 Lavaca St Suite 110-549
AUSTIN, TX 78701.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in Travis County, State of Texas  on July 27, 2023 by Andrew Swatzell  declarant."

**Andrew Swatzell**
PSC-18592 EXP 09/30/2024

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2023008652

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

**EXHIBIT**

**E**

Filed 7/31/2023 12:11 PM
Sharon Mathis, District Clerk
Jackson County, TX

Copy from re:SearchTX

CAS211                                              DOCKET SHEET                                         PAGE    1

| CASE #<br>CAUSE: | 2307-16980    COURT: 24TH JUDICIAL DISTRICT         FILED: 07/18/2023<br>INJ/DAM-OTHER INJ/DAM | | |
|---|---|---|---|
| STYLE: | LONGORIA,MARIA | VS | TA OPERATING, LLC D/B/A TRAVEL |
| ATTORNEYS: | (P) CONTRERAS,ESTEBAN | | (D) JACOBS,ANNIE J |

| DATE OF<br>ACTION | ACTIONS OF THE COURT |
|---|---|
| | ******* No actions for this case ******* |

EXHIBIT

**F**

MARIA LONGORIA
VS
TA OPERATING, LLC D/B/A
TRAVEL CENTERS OF AMERICA

Cause No: 2307-16980
Date Filed: 7/18/2023

| DATE | INSTRUMENT |
|------|------------|
| 7/18/2023 | Plantiff Maria Longoria's Original Petition |
| 7/20/2023 | One Citation Issued Re: Registered Agent Corp. Service Co. emailed Atty |
| 7-31-23 | Return of Service re: TA Operating |
| 8-18-2023 | Defendant's Answer to Pltf's Orig. Petition |